IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DEBRA ANN GANTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:14cv1004-SRW |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF OPINION

Plaintiff Debra Ann Gantt commenced this action on September 29, 2014, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner denying her claim for a period of disability, disability insurance, and supplementary security income benefits. The parties have consented to entry of final judgment by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c). On December 14, 2014, the Administrative Law Judge ("ALJ") issued a partially favorable decision.[1] The ALJ determined that plaintiff was disabled as of October 10, 2012. However, plaintiff's insured status expired on June 30, 2012, and plaintiff challenges the disability determination date. The Appeals Council denied plaintiff's request for review, and the ALJ's decision became the final decision of the commissioner. This case is ripe for review pursuant to 42 U.S.C.

---

[1] At the hearing before the ALJ, the plaintiff was represented by an attorney.

§§405(g), 1383(c)(3). For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. Richardson v. Perales, 402 U.S. 389, 390 (1971); Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. It is "more than a scintilla, but less than a preponderance." Id.  A reviewing court "may not decide facts anew, reweigh the evidence, or substitute [its] decision for that of the [Commissioner]." Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005).  In other words, this court is prohibited from reviewing the Commissioner's findings of fact de novo even where a preponderance of the evidence supports alternative conclusions.

While the court must uphold factual findings that are supported by substantial evidence, it reviews the ALJ's legal conclusions de novo because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. Davis v. Shalala, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for

determining that the proper legal analysis has been conducted, it must reverse the ALJ's decision. Cornelius v. Sullivan, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

## DISCUSSION

On May 17, 2011, plaintiff submitted applications for disability insurance benefits, Supplemental Security Income, and a period of disability with an alleged disability onset date of January 1, 2007. Plaintiff asserted that she is disabled because of diabetes, high blood pressure, chronic obstructive pulmonary disease ("COPD"), asthma, pleurisy, and bronchitis. The ALJ found that plaintiff has not engaged in substantial gainful activity since her alleged onset date and that, prior to October 10, 2012, and continuing through the date of the decision, she has the severe impairments of major depressive disorder, generalized anxiety disorder, COPD, asthma, and chronic bronchitis. As of October 10, 2012, the ALJ determined that plaintiff also suffers from the severe impairment of spinal stenosis. The ALJ concluded that none of the plaintiff's severe impairments, individually or collectively, meets a listed impairment in 20 C.F.R. pt. 404, subpt. P, app. 1 (2014).

The date of October 10, 2012 is important in this appeal and is the subject of much of the parties' briefing and the ALJ's written decision. It is undisputed that plaintiff suffers from chronic lower back pain caused by an injury on January 18, 2008. On October 10, 2012, Dr. Barry Smith, M.D., a radiologist, interpreted a Magnetic Resonance Image ("MRI") of plaintiff's lower back. The ALJ relies heavily on the MRI as "objective medical evidence" regarding the extent and severity of plaintiff's lower back pain, and it serves as the primary basis for his determination that plaintiff is disabled as of October 10,

2012.  (Doc. # 17-2 at p. 25).  This MRI is the only "objective" medical testing identified by the parties or the ALJ with respect to plaintiff's lower back injury.  As discussed in greater detail below, the ALJ did not find plaintiff's testimony about pain, limitations, and other symptoms regarding her lower back pain for the time between January 2008 and October 10, 2012 to be credible.

The ALJ developed two residual functional capacity ("RFC") assessments – the first based on plaintiff's severe impairments prior to October 10, 2012, and the second accounting for plaintiff's spinal stenosis and her testimony regarding limitations and symptoms from lower back pain.  Under the first RFC finding, and based on testimony from a vocational expert, the ALJ concluded that there are jobs existing in sufficient numbers in the national economy that plaintiff could have performed given her limitations, and that she was not disabled prior to October 10, 2012.  The second RFC, however, did not yield jobs plaintiff could perform. Considering plaintiff's age, education, work experience, testimony from a vocational expert, and the second RFC, the ALJ made a disability determination in plaintiff's favor.

On appeal, plaintiff argues that (1) the ALJ erred by not finding that plaintiff's asthma meets Listing 3.03(B); and, (2) that the ALJ incorrectly assessed the disabling effect of plaintiff's lower back pain for the period prior to October 10, 2012.  Upon review of the record, the court concludes that these contentions are without merit.

As to plaintiff's first argument, plaintiff in essence asks that the court reverse the ALJ's factual findings by reconsidering the evidence of record, which is not within the court's authority.  See Dyer v. Barnhart, 395 F.3d at 1210.  As explained above, this court's

4

review of the ALJ's decision is limited to verifying that the ALJ's findings of fact are based on substantial evidence, and plaintiff's argument is assessed accordingly.

Listing 3.03(B) is met if one's asthma causes "Attacks (as defined in 3.00(C)) in spite of prescribed treatment and requiring physician intervention, occurring at least once every [two] months or at least six times a year." 20 C.F.R. pt. 404, subpt. P, app. 1 § 3.03(B).  If a patient is hospitalized for longer than 24 hours in order to control asthma symptoms, that event is equivalent to two attacks for purposes of Listing 3.03(B).  Id.  An "attack" is defined as a "prolonged symptomatic episode[] lasting one or more days and requiring intensive treatment, such as intravenous bronchodilator or antibiotic administration or prolonged inhalational bronchodilator therapy in a hospital, emergency room, or equivalent setting."  20 C.F.R. pt. 404, subpt. P, app. 1 § 3.00(C).

Plaintiff argues that substantial evidence does not support the ALJ's decision that she does not meet the listing requirement because there is evidence that plaintiff suffered at least the requisite number of attacks during the 12-month period between September 8, 2010 and September 2, 2011.  (Doc. # 15 at p. 8).  Plaintiff contends that the medical evidence establishes that she had "nine (9) asthma exacerbations" requiring physician intervention and treatment during that period, including a hospitalization on February 18, 2011.  (Doc. # 15 at pp. 5, 8).  Plaintiff does not argue, however, that the ALJ did not consider the medical evidence to which she refers nor does plaintiff explain how or why each of those nine events qualifies as an "attack" as a matter of law.  It is not evident that the asthma exacerbations to which plaintiff refers were, in fact, "attacks."  For example, and without weighing the evidence anew, the court notes that plaintiff was treated on

5

September 8, 2010 for asthma exacerbation with "oxygen via facial mask" and "albuterol nebulizer treatment." (Doc. # 15 at p. 5). Plaintiff assumes that this event qualifies as an attack, but offers no argument or reference to medical evidence of record that speaks to the length of time plaintiff suffered from the attack or whether the "intensive" treatment mandated by § 3.00(C) was administered. On the other hand, plaintiff's hospitalization on February 18, 2011, does meet the criteria for an attack. (Id.). The definition of "attack" found at § 3.00(C) is not so basic that the number of attacks suffered by a patient can be determined if one simply reviews a patient's medical records and counts the number of times a patient is treated for asthma symptoms.

Plaintiff also asserts that the opinion of her treating physician, Dr. Sanchez, is that she suffered weekly asthma attacks, and that his opinion testimony establishes that the listing requirement is satisfied. The Commissioner correctly argues that plaintiff's reliance on Dr. Sanchez's opinion is misplaced, as it is not the "type of objective medical finding required to show that [plaintiff] meets Listing 3.03." (Doc. # 16 at p. 5). See §§ 3.00(A), 3.00(C).

After reviewing the record and considering the parties' arguments, the court finds that there is substantial evidence to support the ALJ's conclusion that plaintiff does not meet Listing 3.00(B). The ALJ's written decision demonstrates that he considered plaintiff's medical records and other evidence of record when he found that her asthma does not meet the listing requirement, and the ALJ applied the proper legal standard. (Doc. # 17-2 at pp. 20, 25).

Plaintiff's second argument is that the ALJ improperly found that her testimony of chronic lower back pain lacked credibility prior to October 10, 2012.[2] (Doc. # 15 at p. 10). The plaintiff asserts that the October 12, 2012 MRI "confirmed" plaintiff's complaints and testimony regarding the severity and limitations of her lower back pain between the onset date of January 18, 2008 "continuing through the present day." (Doc. 15 at p. 10). Again, plaintiff asks that the court reach a factual conclusion different from that of the ALJ. The court declines to do so. However, consideration of whether the ALJ properly applied the pain standard is warranted.

To demonstrate that pain renders her disabled, plaintiff must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'" Edwards v. Sullivan, 937 F. 2d 580, 584 (11th Cir. 1991) (quoting Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986)). If an ALJ discredits subjective testimony on pain, "he must articulate explicit and adequate reasons." Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing Jones v. Bowen, 810 F.2d 1001, 1004 (11th Cir. 1986); MacGregor v. Bowen, 786 F.2d 1050, 1054 (11th Cir. 1986)).

---

[2] The Commissioner construes plaintiff's second argument as one questioning whether there is substantial evidence to support the ALJ's RFC finding for the period prior to October 10, 2012. (Doc. # 16 at p. 1). The Commissioner's reading of plaintiff's second argument is broader than plaintiff's assertions about the ALJ's application of the pain standard, and the court will focus on plaintiff's discrete contention. Nevertheless, there is substantial evidence underlying the pre-October 10, 2012 RFC determination.

The ALJ properly applied those legal principles in the present case. The ALJ concluded that, while plaintiff's medically determinable impairments, which include chronic low back pain, could reasonably be expected to produce the pain symptoms she alleged, plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely credible, as they were not supported by the medical evidence of record.  See Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992) ("After considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence.") (citing Wilson v. Heckler, 734 F.2d 513, 517 (11th Cir. 1984)).  The ALJ did not find plaintiff's testimony regarding the severity of her pain to be credible for the period prior to October 10, 2012, and he articulated reasons for reaching that determination. (Doc. # 17-2 at pp. 21-24). Plaintiff was seen by a physician to treat chronic lower back pain on eleven occasions in 2010 and 2011. Each time, plaintiff was prescribed narcotic pain medication, which relieved plaintiff's pain according to medical records.  (Doc. # 15 at p. 10).  The ALJ noted that plaintiff required treatment on November 1, 2011, because she aggravated her back condition after lifting a recliner.  (Doc. # 17-2 at p. 23).  The ALJ also explained that the evidence of plaintiff's favorable response to medical treatment and the activities plaintiff was able to perform, including her ability to complete a work week, serve as a basis for his decision to afford less credence to plaintiff's hearing testimony about the severity of her pain for the period prior to October 10, 2012.  (Doc. # 17-2 at pp. 21-22, 24).  Other than the October 10, 2012 MRI, the plaintiff has not identified any objective medical evidence to support her subjective testimony.

The ALJ's conclusions are supported by substantial evidence, and the ALJ met his obligation to provide an explanation for his decision to afford less credit to plaintiff's subjective testimony about her lower back pain prior to the October 10, 2012 MRI. The ALJ noted that the opinion of the physician who interpreted the MRI was given substantial weight, as was plaintiff's treating physician's opinion that plaintiff could no longer work after the date of the MRI. (Doc. # 17-2 at p. 25). While it is not unreasonable for the plaintiff to argue that the October 10, 2012 MRI results could have been construed as lending credence to plaintiff's testimony about the debilitating effect of lower back pain prior to that date, the ALJ made a different finding and explained his reasoning. Even if it were inclined to do so, the court cannot substitute its opinion for that of the ALJ where, as here, an explanation based on substantial evidence is provided.

Accordingly, the Commissioner's decision will be AFFIRMED by separate order.

DONE, this the 29th day of March, 2016.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge